**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4800

MELVIN TYRONE COST,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CR-98-119)

Submitted: July 27, 2000

Decided: August 4, 2000

Before MURNAGHAN, WILKINS, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Rodolfo Cejas, II, RODOLFO CEJAS, II & ASSOCIATES, Norfolk,
Virginia, for Appellant. Helen F. Fahey, United States Attorney,
James Ashford Metcalfe, Assistant United States Attorney, Norfolk,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Melvin Tyrone Cost appeals his sentence of 96 months' imprisonment following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C.A. § 922(g)(1) (West 2000). Specifically, he alleges the district court erred by enhancing his sentence under U.S. Sentencing Guidelines Manual § 22.1(b)(5) (1998). Finding no error, we affirm.

Norfolk police officers responded to a call regarding drug trafficking on a particular street in July 1998. Upon arrival, the officers witnessed Cost engage in a drug transaction. Cost entered a vehicle, attempted to drive away, and was stopped by the police. As Cost exited the car, the police observed him attempt to throw to the ground what was subsequently identified as heroin. A search of Cost uncovered a loaded .38 caliber handgun and five extra rounds of ammunition in Cost's right pants pocket.

At sentencing, the district court, over Cost's objection, applied a four-level enhancement for possessing a firearm in connection with another felony offense pursuant to USSG § 22.1(b)(5). Cost asserts on appeal that the court improperly required only that he possess the firearm in order to apply the enhancement.

Because Cost's appeal involves mixed questions of law and fact regarding application of the Sentencing Guidelines, we review the district court's decision with due deference. See United States v. Bostic, 168 F.3d 718, 724 (4th Cir.), cert. denied, 527 U.S. 1029, 67 U.S.L.W. 3772 (1999). It is undisputed that Cost possessed a firearm and that a drug transaction transpired directly before Cost's arrest. Therefore, the issue was whether the district court correctly concluded Cost possessed the firearm "in connection with" the drug transaction. See USSG § 2K2.1(b)(5). We find the district court properly applied the enhancement. The court noted Cost had a loaded firearm in his pants pocket when he engaged in a drug transaction and that there is a well-established nexus between distribution of narcotics and firearms. See United States v. White, 875 F.2d 427, 433 (4th Cir. 1989) (recognizing weapons have become tools of the trade in illegal narcot-

2

ics operations). We find no error in the district court's conclusion that Cost possessed the firearm for his personal use and to facilitate the commission of a drug trafficking offense.

Accordingly, we affirm Cost's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3